# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,  )
         )
   Plaintiff,   )
         )
         )
  v.      )  Cr. ID. No. 1204010456
         )
         )
COREY R. BOWERS,  )
         )
   Defendant.  )

Submitted: June 10, 2024
Decided: September 13, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Jillian Schroeder, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Corey R. Bowers, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

SALOMONE, Commissioner

This 13th day of September 2024, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

On June 4, 2012, Defendant Corey R. Bowers ("Bowers" or the "Defendant") was indicted on the charges of Carjacking First Degree and Robbery First Degree.[1] The charges arose out of an incident that occurred on April 14, 2012 in which Bowers entered the victim's car from the passenger side, pointed what appeared to be a gun at her, grabbed her purse and took her car.

After a four-day trial in January 2013, the jury was unable to reach a unanimous verdict and the judge declared a mistrial.[2] Around the time of trial, the victim received two letters threatening her safety and the safety of her family if she testified against Bowers. On April 15, 2013, Bowers was reindicted for (i) Carjacking First Degree, (ii) Robbery First Degree, (iii) two counts of Aggravated Act of Intimidation, (iv) two counts of Terroristic Threatening, and (v) two counts of Misuse of Prisoner Mail, with the new charges being related to the two letters received by the victim.[3] On July 16, 2013, after a second four-day trial, Bowers was convicted of all charges.[4]

---

[1] *State v. Bowers*, Delaware Superior Court Criminal Docket, ID No. 1204010456 at 2 (hereinafter, "D.I. __").
[2] D.I. 16.
[3] D.I. 38, 40.
[4] D.I. 50.

On September 25, 2013, Bowers was sentenced as follows: (i) twenty-five years at Level V, suspended after ten years, followed by decreasing levels of supervision for the Robbery First conviction; (ii) five years at Level V, suspended after two years with probation to follow for the Carjacking First Degree conviction; (iii) eight years at Level V, suspended after two years, with probation to follow for each count of Aggravated Act of Intimidation; and (iv) twelve months at Level V, suspended immediately for probation for each count of Terroristic Threatening and Misuse of Prison Mail.[5] On October 2, 2013, Bowers filed a direct appeal of his convictions to the Delaware Supreme Court.[6] The Supreme Court affirmed the convictions on May 16, 2014.[7]

On June 3, 2014, Bowers filed his first *pro se* Motion for Postconviction Relief.[8] Postconviction counsel was appointed and filed an Amended Motion for Postconviction Relief on October 10, 2016 (the "Amended Motion").[9] In the Amended Motion, Bowers raised three claims of ineffective assistance of counsel, asserting that his trial counsel was ineffective for failing to (i) suppress the victim's out-of-court identification and in-court identification of Bowers, (ii) adequately

---

[5] D.I. 51, 55.

[6] D.I. 53. From the time of his sentencing to date, Bowers has filed numerous *pro se* Motions for Modification of Sentence also styled as "Motions for Extraordinary Circumstances" and/or "4217 Modifications," each of which were denied by the Court. *See* D.I. 57, 97, 99, 108, 114, 119, 124, 128, 131, 136, 139 and 144.

[7] *Bowers v. State,* 2014 WL 2094133, at *2 (Del. May 16, 2014).

[8] D.I. 67.

[9] D.I. 78.

conduct a direct examination of the Defendant, and (iii) object to certain expert testimony.[10] The Court found each of these claims to be without merit and denied the Amended Motion.[11] The Defendant filed a direct appeal to the Delaware Supreme Court of the denial of the Amended Motion on August 30, 2017.[12] The Supreme Court affirmed the decision of the Superior Court on February 15, 2018.[13]

## BOWERS' SECOND RULE 61 MOTION[14]

On December 11, 2023, Bowers filed a second *pro se* Motion for Postconviction Relief, which he later amended and supplemented by letters filed on each of March 14, 2024, March 22, 2024 and April 17, 2024 (collectively, the "Second Rule 61 Motion").[15] In the Second Rule 61 Motion, Bowers raises claims of ineffective assistance of counsel related to the charges for Aggravated Act of Intimidation and Terroristic Threatening which were added upon his reindictment. Bowers claims that the foregoing charges were not "properly processed and regarded with proper protocol" as he did not have a separate preliminary hearing, arraignment

---

[10] *Id.* at 15-27.
[11] D.I. 87.
[12] D.I. 89.
[13] *Bowers v. State,* 180 A.3d 1054 (TABLE), 2018 WL 921641 (Del. Feb. 15, 2018).
[14] In each of his letters, dated March 4, 2024 and March 15, 2024, Bowers indicated his willingness and intent to withdraw his Second Rule 61 Motion if his request for a sentence modification were granted by the Court. D.I. 138, 140. The Court denied his request for a sentence modification on June 10, 2024. D.I. 144. The Defendant appealed the Court's decision of that denial on August 23, 2024. D.I. 145.
[15] D.I. 134, 138, 140 and 142.

and/or case review with respect to those newly added charges to the indictment.[16]

He further claims that the newly filed charges "should have been introduced as evidence, and not newly contributing charges" and that Rule 61 counsel should have raised these issues in his Amended Motion.[17]  Bowers' requested relief is that his sentence with respect to the convictions for the two counts of Aggravated Act of Intimidation be modified from Level V to Level IV time effective immediately.[18]  If granted, according to Bowers, he would be immediately released from Level V incarceration.[19]

## APPLICABLE LAW FOR POSTCONVICTION RELIEF

**Rule 61 and Procedural Bars to Relief**

Superior Court Criminal Rule 61 ("Rule 61") governs the procedures by which an incarcerated individual may seek to have his conviction set aside on the ground that the court lacked jurisdiction or any other ground that is a sufficient factual and legal basis for a collateral attack upon the conviction.[20]  That is, it is a

---

[16] D.I. 140. In his Second Rule 61 Motion, Bowers states "[e]vidently, what happened is, the original indictment charges, that I was, at the time, on trial for, were basically consolidated and attached to the newly filed charges (2 counts of Agg.Act/Intimi) basically to strengthen the prosecutors already in motion trial." *Id.*; *see also* D.I. 134.  Contrary to Bowers' assertion, he was reindicted on April 15, 2023 at which time the charges for Aggravated Act of Intimidation, Terroristic Threatening, and Misuse of Prisoner Email were added to the indictment.  D.I. 38.  He was arraigned by written pleading with respect to the reindictment on April 23, 2023.  D.I. 40.

[17] D.I. 134.

[18] D.I. 140; *see also* D.I. 142 (stating "I'M REQUESTING: That the AGG. ACT/INTIMI lvl 5 sentence, be reverted into a 2 yr. lvl 4 sentence.") (emphasis in original).

[19] Bowers asserts that he has already served all his Level V time for his convictions for Robbery 1st and Carjacking 1st.

[20] Super. Ct. Crim. R. 61(a)(1).

4

means by which the court may correct Constitutional infirmities in a conviction or sentence.[21] "Rule 61 is intended to correct errors in the trial process, not allow defendants unlimited opportunities to relitigate their convictions."[22]

Given that intent, before considering the merits of any claims for postconviction relief, the Court must first determine whether there are any procedural bars to the postconviction motion.[23] Rule 61(i) establishes four procedural bars to postconviction relief.[24] Rule 61(i)(1) prohibits a motion for postconviction relief from being filed "more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[25]

Rule 61(i)(2) bars successive motions for postconviction relief unless certain conditions are met.[26] Pursuant to Rule 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an

---

[21] *Harris v. State*, 410 A.2d 500 (Del. 1970).
[22] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).
[23] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[24] Super. Ct. Crim. R. 61(i)(1)-(4).
[25] Super. Ct. Crim. R. 61(i)(1).
[26] Super. Ct. Crim. R. 61(i)(2).

appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[27]

The foregoing bars to relief do not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of Rule 61(d)(2). Rule 61(d)(2) provides as follows:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>
> (i)   pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>
> (ii)  pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or sentence invalid.[28]

The Delaware Supreme Court recently examined the first prong of Rule 61(d)(2), referred to as the "actual innocence exception," in *Purnell v. State* where the Court explained what constitutes "new" evidence and a "strong inference" of innocence.

> To qualify for an exception to Rule 61's procedural bars against untimely, successive motions, [a defendant] must identify with particularity new evidence that creates a strong inference that he is actually innocent in fact of the

---

[27] Super. Ct. Crim. R. 61(i)(3) and (4).
[28] Super. Ct. Crim. R. 61(d)(2).

6

acts underlying the charges. Stated differently, [a defendant] must present additional evidence that was not available at trial and would not have been despite his exercise of due diligence. [The defendant] must also convince us that the new evidence, when considered in the context of all the relevant evidence by a properly instructed jury, is such as will probably change the result if a new trial were granted."[29]

The Court also found that "satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare."[30]

This is Bowers' Second Rule 61 Motion and it is procedurally barred for a number of reasons. First, the Second Rule 61 Motion was filed over nine years after the judgment of conviction became final and should be barred by Rule 61(i)(1) for being untimely. The Second Rule 61 Motion should also be barred by Rule 61(i)(3) because Bowers failed to assert any of the instant grounds for relief at trial, on direct appeal or in his Amended Motion.

Third, while purportedly asserting claims of ineffective assistance of counsel, the relief Bowers is seeking makes clear that he is merely utilizing his Second Rule 61 Motion as an alternative means to try to have his sentence modified. From the time immediately after his sentencing to date, Bowers has filed numerous *pro se*

---

[29] *Purnell v. State*, 254 A. 3d 1053 (Del. 2021), at 1060.

[30] *Id.* (noting that Purnell was the first defendant to be found eligible for the actual innocence exception to Rule 61's procedural bar). In *Purnell*, the Court found much of the evidence presented by the defendant to be "new" because trial counsel's disabling conflict of interest prevented him from investigating or pursuing several key areas of potentially exonerating evidence and defensive strategies on behalf of the defendant. No such conflict of interest exists in Bowers' case.

motions for modification of sentence, each of which were repeatedly denied by this Court.[31] Accordingly, his Second Rule 61 Motion is barred pursuant to Rule 61(i)(4) as having been previously adjudicated by this Court.

Fourth, Bowers has failed to meet the pleading requirements of Rule 61(d)(2)(i) for bringing a successive postconviction motion since he has not presented any new or additional evidence of actual innocence that was not available to him at trial or otherwise exonerates him of the crimes for which he was convicted. Nor has he cited to any new rule of constitutional law made retroactive to cases on collateral review under Rule 61(d)(2)(ii) or that the Court lacked jurisdiction. As such, his Second Rule 61 Motion should also be barred under Rule 61(i)(2).

---

[31] *See* D.I. 57, 97, 99, 108, 114, 119, 124, 128, 131, 136, 139 and 144. Bowers has styled these motions at times as "motions for extraordinary circumstances" and/or "4217 modifications." Regardless of the title, each motion was, in essence, a request to have his sentence modified.

## CONCLUSION

For all of the foregoing reasons, Bowers postconviction claims are procedurally barred pursuant to Rule 61(i).  As such, his Second Motion for Postconviction Relief should be **SUMMARILY DISMISSED**.

**IT IS SO RECOMMENDED.**

*/s/ Janine M. Salomone*
The Honorable Janine M. Salomone

cc:  The Honorable Meghan A. Adams
Prothonotary
Jillian Schroeder, Esquire, Deputy Attorney General
Corey R. Bowers, *pro se*. (SBI #338360)